This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**CITIMORTGAGE, INC.,**

Plaintiff-Appellee,

v.                                                    **No. 35,838**

**JOHN DAVID GARFIELD and**
**SALLY G. GARFIELD,**

Defendants-Appellants,

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**David K. Thomson, District Judge**

Keleher & McLeod, P.A.
Justin B. Breen
Albuquerque, NM

Little, Bradley & Nesbitt, P.A.
Sandra A. Brown
Albuquerque, NM

for Appellee

JRSPC, LLC
Joshua R. Simms
Albuquerque, NM

for Appellants

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendants are appealing from a district court foreclosure judgment. We issued a calendar notice proposing to affirm. Defendants have responded with a memorandum in opposition. We affirm the district court.

{2}     **Issue A:** Defendants continue to claim that Plaintiff lacked standing in this case because it did not have simultaneous possession and control of both the note and the mortgage at the time the complaint was filed. [MIO 1] Defendants correctly state that under recent cases decided by our Supreme Court and this Court, an entity wishing to foreclose on a mortgage must establish that, at the time the foreclosure action is filed, the entity had the right to enforce the promissory note underlying the mortgage, as well as ownership of the mortgage lien on the property. *See, e.g.*, *Deutsche Bank Nat'l Trust Co. v. Johnston*, 2016-NMSC-013, ¶ 23, 369 P.3d 1046. One way to show the right to enforce the promissory note is to attach a copy of the note, bearing appropriate indorsements to the complaint. *Id.* The district court specifically found that this was the case here. [RP 505-06] In addition, the district court found that Plaintiff owned the mortgage on the property by the time the complaint was filed. [RP 506] Both the referenced note and the mortgage were attached to the complaint. [RP 9, 12] We therefore conclude that the district court properly determined that Plaintiff had standing at the time the complaint was filed.

**{3}** **Issue 2:** Defendants continue to contend that Mortgage Electronic Registration Systems, Inc. (MERS) lacked authority to convey title to Plaintiff because it was a mere nominal possessor of the mortgage. [MIO 8] Both our Supreme Court and this Court have already expressly ruled that MERS, as nominee for a lender, can assign the mortgage on behalf of such lender. *See Bank of New York v. Romero*, 2014-NMSC-007, ¶ 35, 320 P.3d 1 (stating that "[a]s a nominee for [the original lender] on the mortgage contract, MERS could assign the mortgage"); *Flagstar Bank, FSB v. Licha*, 2015-NMCA-086, ¶ 17, 356 P.3d 1102 (reiterating that "where MERS' role was that of a nominee for [the l]ender and [the l]ender's successors and assigns, MERS could assign the mortgage" (alterations, internal quotation marks, and citation omitted)), *abrogated on other grounds as recognized by PNC Mortg. v. Romero*, 2016-NMCA-064, ¶ 18, 377 P.3d 461. To the extent that Defendants are arguing that MERS lacked authority to modify the loan, the district court relied on evidence to the contrary, and also pointed out that Defendants accepted and benefitted from this modification. [RP 507]

**{4}** **Issue 3:** Defendants have abandoned their challenge to the district court's refusal to accept the testimony of one of their witnesses. [MIO 13]

**{5}** For the reasons set forth above, we affirm.

**{6}** **IT IS SO ORDERED.**

3

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**J. MILES HANISEE, Judge**

_____

**JULIE J. VARGAS, Judge**

4